**Wesley WALKER, Jr., Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 4532.**

District of Columbia Court of Appeals.

Submitted Sept. 4, 1968.

Decided Feb. 25, 1969.

William R. Hill, Jr., Washington, D. C., appointed by this court, for appellant.

David G. Bress, U. S. Atty., Frank Q. Nebeker, James E. Kelley, Jr., and Julius A. Johnson, Asst. U. S. Attys., for appellee.

Carl S. Rauh, Asst. U. S. Atty., also entered an appearance for appellee.

Before HOOD, Chief Judge, and FICKLING and KERN, Associate Judges.

FICKLING, Associate Judge:

Appellant was convicted by a jury on two informations charging petit larceny.[1]

This appeal raises the question as to whether a certain in-custody statement was admitted into evidence in violation of the *Miranda* rule.[2]

The trial judge granted defendant's request for a *Miranda* hearing, at which the arresting officer, Estrada, testified that appellant was arrested at 10:30 p. m. and advised of his rights by reading to him from P.D. 47;[3] that appellant was asked if he

---

4. The grocery store was 30 feet long and 11 feet wide and grossed only $40,000 in an entire year.

1. D.C.Code 1967, § 22–2202.

2. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

3. P.D. 47 is a form carried by members of the Metropolitan Police Department of

understood his rights; that he stated that he knew all about them; that nothing else transpired between the police and appellant prior to the interrogation; and that twenty minutes after the arrest, while Estrada was filling out a lineup sheet at the precinct, he asked appellant, among other things, whether he had pulled the "Murphy" game[4] recently. Appellant said that he had and listed three dates prior to his arrest that he had done so, one of those dates being the same date as the incident involved in the instant case.

The trial judge held that *Miranda* had been complied with, and Estrada was permitted to testify before the jury, over the objection of defense counsel, in regard to appellant's statement admitting that he had pulled a "Murphy" game on the night of the alleged offense.

The Court stated in *Miranda,* 384 U.S. at 469, 86 S.Ct. at 1625:

The warning of the right to remain silent *must* be accompanied by the explanation that anything said can and will be used against the individual in court. (Emphasis supplied.)

the District of Columbia, stating, as read into the record below:

"Warning as to your rights. You're under arrest. Before we ask you any questions, you must understand what your rights are. You have the right to remain silent; you're not required to say anything to us at any time, or to answer any questions. You have the right to talk to a lawyer, for advice, before we question you, and to have him with you during questioning. If you cannot afford a lawyer, and you want one, a lawyer will be provided for you. If you want to answer questions now, without a lawyer present, you will still have the right to stop answering at any time. You also have the right to stop answering at any time until you talk to a lawyer."

4. The "Murphy" game is a confidence game in which money is fleeced from individuals who are usually new in the city and who are out for a night of fun.

At 475, at 1625 of 86 S.Ct., *supra,* the Court stated:

\* \* \* [A] heavy burden rests on the government to demonstrate that the defendant knowingly and intelligently waived his privilege against self-incrimination and his right to retained or appointed counsel. \* \* \*

*"Presuming waiver from a silent record is impermissible. The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver."* (Citations omitted.) (Emphasis supplied.)[5]

It is noted in Estrada's P.D. 47 form,[6] which was read to the defendant, there was no statement to the effect that anything said might be used against him in court.[7]

On the point of waiver, the Government failed to prove at the *Miranda* hearing that appellant had been offered counsel and had *rejected* the offer prior to making his in-custody statement to the police.[8] Under the circumstances of this case, appellant's statement that he knew about his rights was

5. *See* Proctor v. United States, 131 U.S. App.D.C. ——, 404 F.2d 819 (decided October 10, 1968).

6. *Supra* note 3.

7. However, at trial after the *Miranda* hearing, the court, referring to the contents of a P.D. 47, asked Officer Estrada the following:
   The Court: Is that his right to an Attorney, and the fact that you'll call an attorney if he wants one, and the fact that he doesn't have to make any statements but if he does make any statements they may be used against him? In general, is that what it says?
   The Witness: Yes, sir, it is.

8. The Court in *Miranda* stated at 475, at 1628 of 86 S.Ct., "But a valid waiver will not be presumed simply from the silence of the accused after warnings are given *or simply from the fact that a confession was in fact eventually obtained."* (Emphasis supplied.)

insufficient to constitute a waiver of his right to counsel.

Since the record is clear that there was no waiver of the right to counsel, it was prejudicial error to admit into evidence appellant's statement that he had pulled the "Murphy" game.

We do not find it necessary to reach the other points raised by counsel.

Reversed and remanded for a new trial.

HOOD, Chief Judge (dissenting):

I think the record discloses that after a full *Miranda* hearing the trial court concluded that appellant was advised of his right to counsel and knowingly and intelligently waived that right. In my opinion this was a factual conclusion supported by the testimony and should not be disturbed on appeal.